<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

September 8, 2021

Richard J. Verde, Esq.
8 Hickory Drive
P.O. Box 401
West Caldwell, NJ 07006
*Counsel for Defendant*

Thomas Kearney, Esq.
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for the United States of America*

<b><u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u></b>

**Re:**   *United States v. Lee*
     **Criminal Action No. 13-56 (SDW)**

Counsel:

Before this Court is Defendant Ivan Lee's ("Defendant") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A).  (D.E. 118.)  This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

**<u>DISCUSSION</u>**

A.

Although a district court generally has limited authority to modify a federally imposed sentence once it commences, *see United States v. Epstein*, No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where "extraordinary and compelling reasons" exist to reduce a sentence.  The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], *or upon motion of the defendant after the defendant has fully exhausted all administrative rights* to appeal a failure of the [BOP] to bring a motion on the

> defendant's behalf *or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility*, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c) (emphasis added). Therefore, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2.

First, "a defendant seeking a reduced sentence must ask the BOP to do so on his or her behalf," and either "wait thirty days for the BOP to respond" or "exhaust all available administrative appeals after receiving an adverse decision." *United States v. McDonald*, Crim. No. 09-556, 2020 3638280, at *3 (D.N.J. July 2, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Then, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (citation omitted).

B.

On October 30, 2011, Defendant and his co-defendant coordinated an armed carjacking. (D.E. 128 at 2.) In the process, the two men approached a vehicle, cursed and threatened its occupants, and brandished a sawed-off shotgun. (*Id*.) After successfully intimidating the car's occupants into fleeing from their vehicle, Defendant left the area in the stolen car. (*Id*.) Both Defendant and his co-defendant were arrested on November 7, 2011. (*Id*.) Defendant pleaded guilty to the carjacking, (D.E. 118 at 5), and a jury found him guilty of brandishing the weapon during the offense, (D.E. 92). On February 18, 2015, this Court sentenced Defendant to 168 consecutive months for the two counts. (D.E. 99; D.E. 128 at 2.) Defendant has served parts of his sentence at the Federal Correctional Institute, Ray Brook and the Federal Correctional Institute, Fort Dix ("FCI Fort Dix"), and is currently completing that term of imprisonment at the Federal Correctional Institute, McKean ("FCI McKean"), located in Lewis Run, Pennsylvania. (D.E. 118 at 9; D.E. 128 at 2.) He has approximately two years and eleven months of his sentence remaining. (*Id*.)

On or about December 7, 2020, Defendant filed a *pro se* motion requesting compassionate release. (D.E. 118.) On January 7, 2020, Plaintiff filed a *pro se* supplement to his motion. (D.E. 122.) On January 11, 2021, a CJA attorney was appointed to represent Defendant as to his compassionate release motion. (D.E. 119.) On January 15, 2021, the Government filed a letter requesting that this Court appoint a new attorney to Defendant's motion, given occurrences during and after Defendant's trial. (D.E. 120.) In response, this Court appointed new counsel to

Defendant. (D.E. 121.) On August 10, 2021, counsel filed a letter supplementing Plaintiff's *pro se* filing.[1] (D.E. 127.) On August 23, 2021, the Government opposed. (D.E. 128.)

C.

This Court may not waive the statutory requirement of administrative exhaustion. *See, e.g.*, *Raia*, 954 F.3d at 957; *Massieu v. Reno*, 91 F.3d 416, 419 (3d Cir. 1996); *Ross v. Blake*, 136 S. Ct. 1850 (2016). The record demonstrates that, on or around October 30, 2020, Defendant submitted a request for compassionate release to the FCI Fort Dix Warden (the "Request"). (D.E. 188 at 17.) The Warden advised Defendant that he needed to resubmit the Request with additional details. (*Id*.) It is unclear from the record whether Defendant ever did so. Defendant has not replied to the Government's opposition. Based on the limited record, this Court cannot conclude that Defendant has exhausted administrative remedies, which is a "glaring roadblock" and bars this Court from considering his claims.[2] *See Raia*, 954 F.3d at 957.

Pursuant to Section 3582(c)(1)(A), Defendant must first properly present his request to administrative officials. As the record suggests that Defendant has failed to do so, this Court lacks jurisdiction over his motion. Even if this Court were to assume that the Request was properly administratively exhausted, however, Defendant's motion would fail on the merits. In large part, Defendant's motion asserts generalized concerns related to the pandemic. (*See* D.E. 118 at 1-5); *United States v. McGill*, Crim. No. 07-00255, 2021 WL 1171663, at *2 (D.N.J. Mar. 29, 2021) (generalized concerns are insufficient to merit early release); *Jose D. M. v. Barr*, 456 F. Supp. 3d 626, 634 (D.N.J. 2020) (collecting cases regarding same). The only specific health concerns that Defendant asserts are related to a mild case of "hypertension," and "mental health issues," such as "anxiety" and "depression." (D.E. 118 at 7; D.E. 122 at 1; D.E. 122-1 at 8.)

Regarding these conditions, the Government acknowledges that Defendant suffers from a diagnosed anxiety disorder and mild hypertension. (D.E. 128 at 5.) Neither of these conditions amount to extraordinary or compelling reasons for relief. *See Epstein*, 2020 WL 1808616 at *2. According to the CDC, hypertension "possibly" places individuals at an increased risk for severe illness from COVID-19. CDC, *People With Certain Medical Conditions* (last visited Aug. 29, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Nonetheless, FCI McKean seems to be providing adequate care for Plaintiff's "mild" case of this condition. *United States v. Hannigan*, Crim No. 19-373, 2021 WL 1599707, at *7 (E.D. Pa. Apr. 22, 2021); *United States v. Wax*, Crim. No. 14-251, 2020 WL 3468219, at *3 (D.N.J. June 25, 2020) (where the BOP was "adequately managing Defendant's medical care," his hypertension and obesity did not require compassionate release). Further, "Defendant has not … cited to any evidence that [his anxiety disorder and hypertension] are considered COVID-19 risk factors." *United States v. Viteri*, Crim. No. 19-00044, 2020 WL 3396804, at *4 (D.N.J. June 19, 2020) (denying compassionate release to individual with asthma, hypertension, anxiety, allergies,

---

[1] This letter included no case law or citations and largely relied on Defendant's *pro se* filings. (*See* D.E. 127.)

[2] To the extent, however, that the Government insists that Defendant would have needed to reapply to the FCI McKean Warden after his transfer, (D.E. 128 at 4), the Government misconstrues precedent. *See United States v. Moore*, Crim. No 19-101, 2020 WL 4282747, at *1 (D.N.J. July 27, 2020) (determining that claims were properly exhausted where a defendant, who was temporarily housed in Hudson County, filed his administrative request for compassionate release with his temporary warden).)

and migraines). Defendant has also received the first dose of the Moderna vaccine, (D.E. 128 at 5), after initially refusing vaccination. *See*, *e.g.*, *United States v. Singh*, Crim. No. 15-00028-11, 2021 WL 928740, at *2 (M.D. Pa. Mar. 11, 2021) (denying compassionate release to vaccinated individual and discussing the Moderna vaccine's efficacy). Taken together, these factors suggest Defendant does not face a significantly increased risk of severe illness if infected with COVID-19.

Additionally, the Section 3553(a) factors wholly justify Defendant's original sentence. *See* 18 U.S.C. § 3553(a); 18 U.S.C. § 3582(c)(1)(A). Defendant's filings focus on his rehabilitation during incarceration. (*See* D.E. 118; D.E. 127.) Therein, Defendant acknowledges the severity of his crime but asserts that it was his first violent offense and that he is "making every effort possible to right that wrong." (D.E. 118 at 5.) Defendant also asserts that he has received only 5 infractions during his 9 years of incarceration, (*id*. at 7), and lists various jobs, including counseling positions, that he has held at different correctional institutions, (*id*. at 8-10).

Although the Court commends Defendant for his focus on rehabilitation, which bodes well for his future post-release, the severity of his armed offense cannot be understated. "A jury convicted Defendant of a serious, violent crime." *United States v. Raiford*, Crim. No. 03-25, 2020 WL 5535368, at *2 (S.D. Miss. Sept. 15, 2020) (denying compassionate release where individual had been convicted of an armed carjacking). Defendant's decision to "brandish[] a weapon" meant that it was only a "fortuitous fact that his [offense] did not result in any actual physical injuries." *United States v. Martin*, Crim. No. 98-178, 2020 WL 3960433, at *6 (E.D. Pa. July 13, 2020) (citation omitted). Thus, the fact that the armed carjacking was Defendant's first violent offense "is in no way mitigating." *Id*.: *Briggs v. United States*, Crim. No. 17-33, 2020 WL 4032136, at *3 (E.D. Va. July 16, 2020) (the seriousness of defendant's carjacking "conduct remain[s] unchanged"). Due to Defendant's central role in coordinating the armed carjacking, it is important that his sentence "reflect the seriousness of th[at] crime." 18 U.S.C. § 3553(a). Thus, this Court believes that the Section 3553(a) factors weigh in favor of retaining Defendant's current sentence, which should be served out as currently imposed.[3]

## CONCLUSION

For the foregoing reasons, Defendant's request for compassionate release is **DENIED** without prejudice. An appropriate order follows.

　　　　　　　　　　　　　　　　　　　　　/s/ Susan D. Wigenton　　
　　　　　　　　　　　　　　　　　　　　**SUSAN D. WIGENTON, U.S.D.J.**

---

[3] To the extent that Defendant requests a conversion of the remainder of his sentence to home-confinement, this Court declines to do so. First, this Court does not have the authority to order such relief, but it does have the authority to issue a recommendation to the BOP. *See* 18 U.S.C. § 3621(b)(4) (stating that the BOP may consider "any statement" by the sentencing court "recommending a type of penal or correctional facility"); *United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011) (noting that "district courts [have] the authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time"). Nonetheless, this Court declines to issue a recommendation at this time given Defendant's apparent failure to refile a Request that complied with the BOP's standards and regulations.

4

Orig: Clerk
cc: Parties